IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CORONADO CAPITAL INVESTMENTS, LLC, | § § § § | Case No. 21-30264-HCM<br>Chapter 11 |
| Debtor. | § | |

### APPLICATION FOR FINAL DECREE PURSUANT TO RULE 3022 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 3022

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty one (21) days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE M. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Comes now, Coronado Capital Investments, LLC, the Reorganized Debtor ("CCI"), in the above case through its attorneys of record Miranda & Maldonado, P.C. and files its *Application for Final Decree Pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure and Local Rule 3022* (the "*Application*"). In support of its *Application*, the CCI would show the Court as follows:

### I. Procedural Background – Confirmation of Plan

1. On January 6, 2022, this Court entered the following order at **Document No. 75**:

    Order Confirming First Amended Chapter 11 Plan, (related document(s): 57 Amended Chapter 11 Plan (Small Business Debtor Case) filed by Carlos A. Miranda for Debtor Coronado Capital Investment, Inc., (related

document(s): 56 Amended Disclosure Statement filed by Carlos A. Miranda for Debtor Coronado Capital Investment, Inc., (Order entered on 1/6/2022).

(the "*Confirmation Order*" and "*Confirmed Plan*"). An Application for Final Decree is due by July 5, 2022.

## II. Applicable Law

2. CCI now moves to close its Chapter 11 Case pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure and Local Rule 3022 which respectively provide in relevant part:

> **Rule 3022. FINAL DECREE IN CHAPTER 11 REORGANIZATION CASE**
>
> After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.
>
> **L. Rule 3022.** Motions requesting the entry of a final decree in Chapter 11 cases may be filed using the negative notice language set forth in L. Rule 9014(a). Such motions must be served as required under L. Rule 9013.
>
> **11 U.S. Code § 1101 - Definitions for this chapter**
>
> **(2)** "substantial consummation" means—
> **(A)** transfer of all or substantially all of the property proposed by the plan to be transferred;
> **(B)** assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> **(C)** commencement of distribution under the plan.

3.     Factors that the Court should consider in determining whether the Estate has been fully administered include:

(1)    whether the order confirming the plan has become final;

(2)    whether deposits required by the plan have been distributed;

(3)    whether the property proposed by the plan to be transferred has been transferred;

(4)    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

(5)    whether payments under the plan have commenced; and

(6)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

### III. Substantial Consummation of Confirmed Plan & Relief Requested

4.     CCI would show that this case has been substantially consummated as contemplated by 11 U.S.C. §1101(2)(c) as the factors considered relevant for closing of the case have occurred as illustrated below:

(1)    **whether the order confirming the plan has become final.** The *Confirmation Order* was entered January 6, 2022. As of the date of this *Application*, the *Confirmation Order* has become final.

(2)    **whether deposits required by the plan have been distributed.** There were no deposits required by the *Confirmed Plan* to be distributed.

(3)    **whether the property proposed by the plan to be transferred has been transferred.** There was no property to be transferred under the terms of the *Confirmed Plan*.

(4) **whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan.** As provided for under the *Confirmed Plan*, CCI has assumed and continued with management of the property dealt with by the *Plan*.

(5) **whether payments under the plan have commenced.** Payments under the *Confirmed Plan* have commenced. The *Effective Date* of the *Plan* was projected to be thirty days from the date an order confirming plan was entered which was February 5, 2022.

(6) **whether all motions, contested matters, and adversary proceedings have been finally resolved.** All contested matters have been finally resolved.

5. CCI represents that all post confirmation *Quarterly Reports* due to date are on file with this Court or will be filed prior to any hearing on this *Application*.

6. CCI represents that all *Quarterly Fees* due to date have been paid to the UST. Any Quarterly Fees which accrue as of the date of this *Application* will be paid prior to the closing of the case and the entry of the *Final Decree*.

WHEREFORE, PREMISES CONSIDERED, CCI respectfully requests that upon a hearing on the merits in this matter, this Court enter a *Final Decree* providing for the following:

a. An determination that CCI's case has been substantially consummated as defined by § 1101(2)(c) as distributions under the *Plan* have commenced and continue to be timely distributed;

b. That this Chapter 11 Case be closed; and

c. For such further relief deemed fair and equitable by this Court to which CCI may show itself to be justly entitled.

Respectfully submitted,

**MIRANDA & MALDONADO, P.C.**

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda III, Esq.
5915 Silver Spring, Bldg., 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)
cmiranda@eptxlawyers.com

Attorneys for Attorneys for Coronado Capital Investments, LLC

**CERTIFICATE OF SERVICE**

    I, Carlos A. Miranda, do hereby certify that on June 28, 2022, a true and correct copy of the foregoing *Application for Final Decree* was served by electronic mail in compliance with this Court's ECF System to the following Parties: Office of the United States Trustee, P.O. Box 1539, San Antonio, Texas 78295-1539; CCI, and the attached *Creditor Matrix*.

/s/ Carlos A. Miranda, Esq.
Carlos A. Miranda, Esq.
Attorneys for Coronado Capital Investments, LLC

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-3<br>Case 21-30264-hcm<br>Western District of Texas<br>El Paso<br>Tue Dec 14 12:33:16 CST 2021 | Coronado Capital Investment, Inc.<br>c/o Carlos Miranda, Esq.<br>5915 Silver Springs<br>Building 7<br>El Paso, TX 79912-4126 | U.S. BANKRUPTCY COURT<br>511 E. San Antonio Ave., Rm. 444<br>EL PASO, TX 79901-2417 |
| Aureliano & Gloria Chaidez<br>4720 Harmony<br>El Paso, Texas 79924-1009 | Aureliano Chaidez and Gloria Chaidez<br>4720 Harmony<br>El Paso, TX 79924-1009 | Aureliano Chaidez and Gloria Chaidez<br>c/o Uprising Investments, LLC<br>5862 Cromo Dr., Ste. 100<br>El Paso, Texas 79912-5510 |
| City of El Paso<br>c/o Don Stecker<br>112 E. Pecan St. Suite 2200<br>San Antonio, TX 78205-1588 | City of El Paso<br>c/o Don Stecker<br>Weston Centre, 112 E. Pecan St., Ste. 22<br>San Antonio, TX 78205-1512 | Corey W. Haugland<br>James & Haugland, P.C.<br>609 Montana A venue<br>El Paso, TX 79902 |
| El Paso Electric<br>P.O. Box 650801<br>Dallas, TX, 75265-0801 | El Paso Water<br>6400 Boeing Drive<br>El Paso, TX 79925-1007 | Fernando Torres Macias and Bertha Lujan Mora<br>c/o Uprising Investments, LLC<br>5862 Cromo Dr., Ste. 100<br>El Paso, Texas 79912-5510 |
| Internal Revenue Service (IRS)<br>Centralized Insolvency Office<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | SM VER Enterprises, LLC<br>c/o Uprising Investments, LLC<br>5862 Cromo Dr., Ste. 100<br>El Paso, TX 79912-5510 | Steven Bass<br>United States Attorney's Office<br>903 San Jacinto Blvd., Suite 334<br>Austin, Texas 78701-2449 |
| (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Texas Gas Service<br>P.O Box 219913<br>Kansas City, MO, 64121-9913 | Texas Workforce Commission<br>TWC Building - Regulatory Integrity Divi<br>101 East 15th Street<br>Austin, TX 78778-0001 |
| The Wesley Keith Murchison Revocable Trust<br>c/o Clyde A. Pine, Jr.<br>P.O. Box 1977<br>El Paso, Texas 79999-1977 | The Wesley Keith Murchison Revocable Trust<br>c/o Stewart Tomlinson and/or Phil Morrel<br>and/or Joshua Duran Substitute Trustees<br>P.O Box 13441<br>El Paso, TX 79913-3441 | United States Attorney General<br>Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0009 |
| United States Attorney, Civil Process Clerk<br>Department of Justice<br>601 N. W. Loop 410, Suite 600<br>San Antonio, TX 78216-5512 | United States Trustee - EP12<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | United States Trustee's Office<br>615 E. Houston, Ste. 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 |
| Uprising Investments, LLC<br>5862 Cromo Dr<br>Suite 100<br>El Paso, TX 79912-5510 | Uprising Investments, LLC<br>c/o Kemp Smith LLP<br>221 N. Kansas, Ste. 1700<br>El Paso, TX 79901-1401 | Zia Trust, Inc., as Custodian for Bradley E.<br>c/o Uprising Investments, LLC<br>5862 Cromo Dr., Ste. 100<br>El Paso, Texas 79912-5510 |
| Carlos A. Miranda<br>Miranda & Maldonado, P.C.<br>5915 Silver Springs<br>Bldg. 7<br>El Paso, TX 79912-4126 | | |